IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALISON C. PIERCE,

    Plaintiff,

v.

MICHAEL J ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C 09-02713 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Now before the Court is the motion of defendant Michael J. Astrue ("Commissioner") to dismiss complaint of plaintiff Alison C. Pierce ("Pierce"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Commissioner's motion.

**BACKGROUND**

Pierce filed for Social Security disability benefits and Supplemental Security Income ("SSI") under the Social Security Act on at least four occasions as follows: (1) May 30, 1990; (2) October 24, 1994; (3) February 26, 1996; and (4) February 23, 1998. (AR at 1251-54.) After a hearing on December 15, 1998, the Administrative Law Judge ("ALJ") denied the last of these applications in an opinion issued on March 22, 1999. (AR at 663-672, 1251-54.) Pierce challenged this decision in district court. (AR at 683-86.) The parties agreed to remand the case, with court permission. (*Id*.) On remand in May 2002, an ALJ made a partially favorable decision, finding that Pierce was disabled as of September 1, 1999. (AR at 12-29.)

Pierce appealed this decision again in district court. (AR at 1240-42.)

On remand in July 2005, the ALJ issued a partially favorable decision in favor of Pierce, finding a disability onset date of November 1, 1997. (AR at 1250-57.) The ALJ also declined to reopen Pierce's prior SSI applications because Pierce did not establish good cause for missing the deadlines to request review. (AR at 1252, citing 20 C.F.R. § 416.1487.)

In October 2006, the Appeals Council denied Pierce's request to review the ALJ's decision, thereby making the ALJ's July 2005 decision the administratively final decision of the Commissioner. (AR at 1056-58.)

On June 18, 2009, Pierce filed the instant Complaint against the Commissioner, seeking judicial review of the Appeals Council's denial to review the ALJ's July 2005 decision. Commissioner now moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing complaint for lack of subject matter jurisdiction.

## ANALYSIS

### A. Legal Standard.

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). The presumption is that a cause of action lies outside a federal court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The burden of establishing that subject matter jurisdiction is proper rests upon the party asserting jurisdiction. *Id.*

### B. Defendant's Motion to Dismiss is Granted.

The Commissioner argues that the Court lacks subject matter jurisdiction of Pierce's action seeking judicial review of the Appeals Council's October 2006 decision not to review the ALJ's partially favorable decision. Pierce argues the Court has jurisdiction to review the denial of her request to reopen.

Under the Social Security Act, district courts have jurisdiction to review only "final decisions" of the Commissioner. 42 U.S.C. § 405(g) ("§ 405(g)"). The United States Court of

1  Appeals for the Ninth Circuit has explicitly held that once a decision to deny benefits becomes
2  administratively final, the Commissioner's decision whether to reopen a claim is purely
3  discretionary. *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985). A discretionary decision is
4  not a "final decision" for the purposes of judicial review within the meaning of the statute.
5  *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (citing *Califano v. Sanders*, 430 U.S. 99,
6  107-09 (1977)). Therefore, a decision not to reopen a prior decision is not generally subject to
7  review by a district court. *Id.*

8  In *Taylor*, the plaintiff did not seek reconsideration of a decision to deny her benefits
9  after notice of the adverse decision and the initial decision became administratively final. 765
10  F.2d at 876. The Ninth Circuit held that the decision not to reopen her claim was purely
11  discretionary and not a final decision subject to judicial review in district court. *Id.* at 877.

12  In *Sanders*, the plaintiff applied for and was denied a claim for Social Security disability
13  benefits in 1964. 430 U.S. at 102. filed a second application in 1973, and the ALJ denied
14  reopening his previous application and dismissed his claim. *Id.* at 103. The United States
15  Supreme Court held that the Commissioner's discretionary decision not to reopen a claim was
16  not "final" within the meaning of § 405(g), and not subject to judicial review. *Id.* at 108. The
17  Court held that interpretation which would allow a claimant judicial review simply by filing,
18  and being denied, a petition to reopen a claim would frustrate the congressional purpose of
19  imposing a sixty-day limitation upon judicial review of an unfavorable decision on a claim for
20  benefits. *See id.*

21  Here, Pierce incorrectly argues that this Court has jurisdiction to review the Appeals
22  Council's decision pursuant to § 405(g). Here, although the Appeals Council's denial to review
23  the ALJ's decision made the ALJ's prior decision administratively final, the discretionary
24  decision not to reopen is not considered a "final decision" subject to judicial review within the
25  meaning of § 405(g). *See Taylor*, 765 F.2d at 877.

26  Pierce's additional argument that this Court has jurisdiction to hear her claim because
27  she initially received defective denial notice of her prior applications is not persuasive. The
28  Court grants Commissioner's motion to dismiss because the decision not to reopen is purely

3

1 discretionary and not "final" within the meaning of § 405(g) for judicial review, not on the basis
2 of untimeliness.

### CONCLUSION

For the foregoing reasons, the Court GRANTS the Commissioner's motion to dismiss and dismisses the complaint for lack of subject matter jurisdiction. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 10, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE